Ruffin, Judge,
after stating the case as above, pro-needed: i conceive, th it the Plaintiff caeinot proceed in (his manner. That Equity « ill subject. <h« lauds to the aneestor’<> debts is peril ciiy clear, it is one of its oldestJui-i.sdic tionsto grant discovery, and take accounts of the reales-tate. It does it as ancillary to Courts of La*, for flu* satisfaction of more legal demands. Modi more will it do so when she debt, due by its own decree, is entitled to satisfaction out of the lands, as is the case with all debts So this Suite. B«t when a person resorts to a Court oí Equity for relief, be must adopt the mode of proceeding .known to that Court. The regular course of this Court is to proceed upon English bill, and the answer or plea of the Defendant., upon oath. The sd.fa* is a pro - ceas unknown to it, as a Court of Equity, unless in a few eases provided for by spume. It is a strictly common law writ. Our act of Assembly gives it in the case of the death of a party iw Equity, instead of iho bill of r, i;-'. But it can be «sed only to revive. If any new «.«Her is to be put in iesae, or becomes material to the just decision of the cause, it must be introduced by bill, Isi the nature of a bill of revivor and supplemental bill.
It would be impossible for this Court to administer its justice in this method. Why shall the attempt be made ? It is said, because it is more simple and expeditious. Í think quilo the eoiiüary. The pleadings in Equity are much less technical than at Common Law, and leave a canse mure, open for-a decision up.-m its merits. The expedition will only epist its cases not disputed. Bat wn *508 have a right to expect cases of real litigation, in which the heirs will deny the full administration, or insolvency of the executor : others, as here, where there is a pn-mar.y an(] a secondary liability. How are these questions to be tried ? If under this process, by a jury. We know that one of the most expensive, difficult and dangerous proceedings at Law, is the trial of the issue of" plene administraron. Often the parties have to come into this Court for assistance by way of discovery, before trial at Law, or relief fr om the injustice done by the verdict on that issue. Tue witnesses must all be present at once before the jury. Every voucher must be then proved by a disinterested witness ; and the parties cannot, be called on for admissions. These reasons have raised the jurisdiction here; because accounts can he taken more cor rectly, at less expense, and more speedily. Should we proceed upon scufa. until the jury had found a verdict, and then entertain a bill to correct our own injustice, as we do that of a Court of Law ? At Law, judgments are always direct and immediate, although, as between some of the parties liable, there may be, in Equity, an immediate and more remote liability. In pursuing this legal method, should we not be obliged to adept the legal mea sure of justice? -Now it is plainly inequitable, that the heirs of James should pay the Plaintiff, unless they be able to get satúfái tion from the ir-irs of Henry j because the latter received the assets of the former. Yet at Law, there is no such thing as successive liability. A judgment is always direct. If we are to retain our own rule of decision, why not our own method of arriving at it, since it has the sanction of ages, is thoroughly settled, and well understood. I will mention several other inconveniences of a change. It is the rule of this Court, that each party pays his own witnesses, without regard to the event of the cause. This would be ruinous in practice, upon a collateral issue between the heir and executor. It is another rule of this Court, that no suitor shall *509 -¡•- c-.'íücl'.Hsffid by one faeqnng 5 bul th«.t by by petition or .VIS of rcáe#, «-very materiel point of the decree may bo reconsidered, ;:,¡¡d .¡o,*CH,*»*y «LrAdcd twine, The ittiro-section of the jury < rial abrogates (hi/ of the course »f t*>{: Court, as ‘applied to this claw; of CMttroversies ; and s‘n the case i;j not on paper, many i.f fisc most iutri- •:: ¡Í »• quc.-tlon;:, both of law and fart, u»u--.t go off as at nisi pri¿s, where the case is given to the jury viva voce . or be re-ex itiuncd at the expense of a new tria!, as The extreme difficulty of doing justice, in a trial at Lav- of suds cares, pressed itself on the attention ; f the Legislature so Trongiy, sis to produce the passage of an su:!, authorising Courts of Law to refer, sis to a Master, matters of account of ibis kind. I niiisdc to suits on ihe bonds of gmudians and administrators., Surely then, tisis Court, when it may safely act in its ancient and accustomed «nido, ought not to yield up its distinguishing characteristic, which constituios its real value to the country ; and adopt ik.it of the Commote Law, the inadequacy of which to the ends of justica created Inis jurisdiction, and continues its existence.
I have supposed, that ilia facts put, in issue upon this Segal writ are to he tried by a jury, if this be not soy hut Use defences are to be. made and the facts ascertained, according to the course of this Court, by plea and answer on oath, and reference to the Master, then plainly th"re is no saving of time or expense, or any change but that of substituting- a sci.fa. for a bill, as the means of,' instituting the suit against the heir. Why do that ^ What advantageth if ? Í object to a change that is to do no good, unless required by a law. I object to it also, because, it }■■ an indirect method of giving this Court original jurisdiction, riot contemplated by the Legislature, i admit we must do it, if the Legislature so enacts' £1 is to be hoped it never will. I think it never has.-The act of 1784 { Ihv, c. 226) is expressly eonfin- d to *• suits at law f* and the defences are all legal» apd t® *510 |J0 tried according to the cotmx - ? >„■», comjmon law.. The act of 1807 (Rev. c« 71'• t ‘f « 1 " ^ pari materia* and confined also to a»?*:* , ,Jt. ; .■■•" t&e express ac~ c]aration in the last -vctim, k, i-»»e jr'cvwi‘",w ’« that act shall not affect the remedy* which a>uy creiiioi* h&s-j in. Equity against the real estate of a deceased dob for, or in any manner change rules of decision in Equity in any such case. The second section of the act of 1787 (Rev. c. 278) has been urged as giving this remedy. After reciting, that the mode of carrying into effect decrees in Chancery was by process in -personam, it enacts that upon decrees for sums of money, the party may issue execution against the Defendant’s body or estate, and that the estate shall be bound in the same manner, as it is by judgment and executions at Law. I take this to mean simply, that there shall be execution in Equity, and to declare its lien — wtiat shall be bound and sold under it. But it does not profess to prescribe a method, by which the decree may originally be had ; nor by which, after obtaining it against one person, you may execute it against another. But if there were a doubt upon this, it is removed by the c&iíügks proviso of the subsequent act of IRQ 7o
I am confitttut*? ¿««frico of this Cobijé eran ©nly fee administered by adhemig io the ¡modo oí" pro ceeding, which is peculiar to it; and I must oppose as strenuously innovations upon it, as upon that of the common law. Each is best in its appropriate sphere, I think this writ must be quashed j and the Plaintiff put to his bill.